IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

COLTEN JAMES WALDMANN PLAINTIFF

v. Civil No. 2:25-cv-02065-TLB-MEF

TYLER NELSON and JOSHUA ELMORE DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States Chief District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to follow the Court's Orders of April 7, 2026, and May 6, 2026, and his failure to prosecute this instant case.

## I. BACKGROUND

*Pro se* Plaintiff, Colten James Waldmann, filed his Complaint on June 16, 2025. (ECF No. 1). Plaintiff was granted *in forma pauperis* ("IFP") status that same day. (ECF No. 3). Plaintiff alleges that on April 16, 2025, he was a passenger in a vehicle involved in a high-speed chase where the driver "wrecked the car and fled on foot." (ECF No. 1). Plaintiff alleges that he, upon exiting the car, laid on the ground and put his hands behind his back. *Id*. He alleges that Defendant Trooper Joshua Elmore then began punching him in the back of the head, causing his face to be slammed into the pavement and thereafter sustaining injuries. *Id.* He alleges that Defendant Trooper Nelson was at the scene and failed to intervene, then Defendant Elmore photographed him with his personal phone. *Id.* Plaintiff alleges that the attack was captured on dashcam and the video posted to YouTube. *Id.* Plaintiff also alleges that he was charged with possession of illegal

items which the driver of the car admitted were his and found in a backpack belonging to him. *Id.*

Plaintiff brought claims of excessive force, failure to intervene and malicious prosecution, among others, in his suit against Defendants in their individual capacities and is seeking compensatory and punitive damages. *Id.*

On April 6, 2026, Defendants filed a Motion for Summary Judgment with supporting exhibits and video evidence. (ECF Nos. 17-19, 21). The Court ordered Plaintiff to respond to Defendants' Motion for Summary Judgment by April 28, 2026. (ECF No. 20). When Plaintiff failed to respond, the Court ordered Plaintiff to show cause by May 27, 2026. (ECF No. 22). To date, Plaintiff has wholly failed to respond to the Court's Orders and no Order mailed to Plaintiff has been returned as undeliverable.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. ... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

E.D. & W.D. ARK. CIV. L.R. 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule

41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

## III. ANALYSIS

Plaintiff has failed to comply with the Court's Orders of April 7, 2026, and May 6, 2026, and he has, therefore, failed to prosecute this matter. Pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules, Orders, and failure to prosecute this case.

## IV. CONCLUSION

For the reasons stated above, it is RECOMMENDED that Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 21st day of July 2026.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE